UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tammy Osby,

              Plaintiff,

     v.

City of New York,

              Defendant.

13 Civ. 8826

**OPINION**

      Plaintiff Tammy Osby, proceeding pro se, is a probation officer for the New York City Department of Probation ("DOP") and brings this employment discrimination action against the City of New York. Plaintiff alleges that she was discriminated against on the basis of her race, gender, age, and disability.

      Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The motion is granted.

## Complaint

      Plaintiff has filed a complaint that is based upon the form-document provided by the Clerk's office, "Complaint for Employment Discrimination." This form complaint provides a plaintiff with boxes to check in order to set

1

forth a claim of employment discrimination.  Plaintiff has also attached to her complaint, and included by reference, the record of her 2012 charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC").  This record includes the following documents: the EEOC "Charge of Discrimination," the Exhibits to the EEOC Charge of Discrimination, and the EEOC "Dismissal and Notice of Rights" form.  Together, the form complaint as well as the record of plaintiff's 2012 EEOC charge constitute plaintiff's complaint.

In the form complaint, plaintiff has checked boxes asserting the following claims of employment discrimination: (1) Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*  Additionally, using the appropriate boxes on the form, plaintiff alleges that defendant discriminated against her based upon her race ("African-American"), gender ("female"), age (DOB: 10-18-1961), and disability ("knee problems").

Along these lines, plaintiff has checked the following boxes to detail the following discriminatory conduct by defendant: "failure to promote me," "unequal terms and conditions of my employment," and "retaliation."  Plaintiff alleges that the discrimination began in 2007 and continues to the present day.

To summarize, plaintiff alleges that she has been discriminated against on the basis of her race, gender, age, and disability.

Plaintiff has incorporated by reference the facts set forth in her 2012 EEOC charge.  Thus, in considering all of the documents that make up plaintiff's complaint, the court understands the following allegations to be the basis of plaintiff's complaint.

In September 2011, plaintiff began experiencing knee pain as a result of a torn ligament from a previous on-the-job injury.  The injury made it difficult for plaintiff to walk or stand for long periods of time and also for plaintiff to complete her field work.  On February 27, 2012, plaintiff began weekly sessions with an orthopedic doctor to relieve her knee pain.  Plaintiff requested a reasonable accommodation for her injury—specifically, one-hour per week of sick leave to attend these treatment sessions.  Plaintiff's supervisors granted the request.  After plaintiff had already taken her permitted leave, she was asked for additional medical documentation to continue her weekly sessions.  On June 28, 2012, plaintiff underwent knee surgery.

Around this time, plaintiff, concerned that her pay had been incorrectly docketed, began to investigate her time and leave information.  In May 2012, DOP informed plaintiff that an audit of her time and leave record had been conducted from 2008 until the present, and that plaintiff had been overpaid by eleven hours and fifty-six minutes.  Plaintiff subsequently requested that an outside source conduct a six-month audit to determine why her time and leave had been "changed without her knowledge."  On May 31, 2012, DOP denied this request and deducted plaintiff's salary in accordance with its audit.

In September 2012, plaintiff appeared in front of the DOP "gun committee" to request the return of her weapon. Plaintiff had surrendered her weapon to the DOP in 2007, following an incident with a fellow officer. The committee did not return plaintiff's weapon to her.

### *2012 EEOC Charge*

On December 31, 2012, plaintiff filed a charge of discrimination with the EEOC. This was not plaintiff's first charge of discrimination with the EEOC. In February 2011, plaintiff had filed a complaint with the EEOC alleging employment discrimination by the DOP on the basis of sex and disability.

For reasons which will be described later in this opinion, it is of importance to describe exactly the kind of discrimination which plaintiff complained about in 2012 to the EEOC. In her 2012 charge of discrimination, plaintiff alleged that in violation of the ADA, she was subject to discrimination based on her disability (knee injury) and retaliated against for filing a prior EEOC complaint. Specifically, plaintiff alleged to the EEOC that the following events exhibited discrimination and retaliation on the part of her employer: (1) beginning on February 27, 2012, plaintiff was asked for additional medical documentation in order to accommodate her weekly leave requests, (2) in the spring of 2012, plaintiff was threatened with disciplinary action for "making repeated requests to the DOP timekeeping office," (3) in March 2012, plaintiff was subject to "impossible work expectations," (4) in May 2012, plaintiff had her pay incorrectly docked following an audit of her time and leave records, (5)

4

an audit of plaintiff's time and leave records was not conducted by an outside source, as plaintiff had requested, (6) on July 2, 2012, plaintiff was threatened with being written up for not being prepared for a meeting with her supervisor, (7) after a September 2012 meeting, plaintiff's supervisor refused to return plaintiff's service weapon to her, (8) plaintiff did not receive the workers' compensation award she was due for an on-the-job injury that occurred in August 2008, (9) the DOP issued plaintiff a disciplinary write-up after she made a complaint to the inspector general's office in December 2011, alleging that her pay had been improperly docked, (10) plaintiff was not promoted following her 2004 civil service exam, (11) from October 12, 2012 to December 10, 2012, plaintiff was heavily monitored at work, and (12) since 2008, DOP has tampered with plaintiff's time sheets and incorrectly docked her pay.

By letter dated September 13, 2013, the EEOC provided plaintiff with notice of its decision that plaintiff had not established employment discrimination by the DOP.  The EEOC advised plaintiff of her right to file suit within ninety days of her receipt of the notice of decision.  On December 11, 2013, plaintiff filed her complaint in the instant action.  On December 20 2013, this court entered an order dismissing the claims against the DOP and adding the City of New York as a defendant.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face.

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 555). Therefore, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

Pro se complaints are held to less stringent standards than those drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The pleadings of a pro se party should be construed liberally to raise the strongest arguments that they suggest. See Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013). Nevertheless, a pro se complaint must state a plausible for relief. Id. The court should dismiss a pro se complaint where the plaintiff has clearly failed to meet the minimum pleading requirements. See Kinsey v. Bloomberg, No. 12-Civ-8936 (PAE)(JCF), 2104 WL 630670, at *3 (S.D.N.Y. Feb. 18 2014).

### *Exhaustion of Administrative Remedies for Title VII and ADEA Claims*

Before filing a claim in federal court under either Title VII or the ADEA, a plaintiff must first file a timely charge of discrimination with the EEOC. See Tanvir v. New York City Health & Hospitals Corporation, 480 Fed. Appx. 620, 621 (2d Cir. 2012); Legani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Claims under Title VII and the ADEA that were not

6

presented to the EEOC may only be pursued in an action if they are found to be reasonably related to the claims actually presented to the agency.  Id. However, "claims that introduce a wholly different type of discrimination from that in the administrative charge are typically deemed to be not reasonably related."  Young v. U.S. Department of Homeland Security, No. 10-Civ-9571 (RJS), 2011 WL 6057849, at *2 (S.D.N.Y. December 5, 2011).

Here, plaintiff failed to exhaust her claims that she was subject to discrimination on the basis of race and gender in violation of Title VII, and on the basis of age in violation of the ADEA.  In her complaint, plaintiff has alleged discrimination based upon the ADA, ADEA, and Title VII.  However, in her 2012 EEOC charge, plaintiff only set forth allegations of discrimination and retaliation pursuant to the ADA.  See Supra at 4.  Plaintiff set forth a variety of claims in her 2012 EEOC charge, but the court cannot construe any of the claims as alleging discrimination under the ADEA or Title VII.  Thus, having failed to exhaust her administrative remedies with respect to her discrimination claims under the ADEA and Title VII, and given that these claims are not reasonably related to the discrimination claims under the ADA raised in her 2012 EEOC charge, plaintiff cannot pursue these claims for the first time in the present litigation.  Accordingly, the court dismisses plaintiff's Title VII and ADEA claims.

***Discrimination under the ADA***

Title I of the ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advance, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Courts interpret the ADA coextensively with the substantive antidiscrimination provisions of Title VII.  See Rios v. Department of Education, 351 F. App'x 503, 504 (2d Cir. 2009).  In order to establish a prima facie claim of discrimination pursuant to the ADA, a plaintiff must demonstrate: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability."  Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 169 (2d Cir. 2006).

Plaintiff alleges that she was discriminated against on the basis of her disability—namely, her knee problems.  However, plaintiff does not provide the specifics of that claim in the fashion required for pleading.  In plaintiff's twelve-point claim of discrimination to the EEOC, referred to earlier in this opinion, which constitutes an essential part of the complaint, plaintiff makes allegations as to a miscellany of matters.  However, the court cannot read these allegations, either when considered individually or collectively, as setting forth a claim relating to disability discrimination.  Accordingly, the court dismisses plaintiff's ADA discrimination claim.

*Retaliation under the ADA*

In her complaint, plaintiff has also set forth a claim for retaliation under the ADA. The ADA prohibits retaliation for the assertion of rights protected under the act. 42 U.S.C. § 12203(a). A prima facie case of retaliation requires a plaintiff to demonstrate that "(1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." Gregory v. Daly, 243 F.3d 687, 700 (2d Cir. 2001).

In her complaint, plaintiff relies on the twelve-point EEOC claim that served as the basis for her discrimination claim to also support her claim for retaliation. Once again, the court cannot read these allegations, either when considered individually or collectively, as setting forth a claim relating to retaliation under the ADA. Accordingly, the court dismisses plaintiff's retaliation claim.

*Letter to Amend Complaint*

On May 9, 2014, plaintiff submitted a letter requesting leave to amend her complaint. In her letter, plaintiff does not address the deficiencies of her original pleadings as identified by defendant in its motion to dismiss and in its reply in further support of its motion to dismiss. Instead, plaintiff sets forth allegations very similar to those contained in her original complaint. Thus, the court denies plaintiff's May 9, 2014 request to amend her complaint as futile.

9

See McCarthy v. Dun & Bradstreet Corporation, 482 F.3d 184, 200 (2d Cir. 2007).

## Conclusion

The court dismisses plaintiff's complaint in its entirety. This opinion resolves item #7 on the docket.

SO ORDERED.

Dated: New York, New York
       August 19, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/14